| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>Docket No. |

KYLE BEROUNSKY, )
an individual residing in the Town of )
North Berwick, County of York, )
State of Maine, )
      **Plaintiff,** )
)
vs. ) **COMPLAINT**
)
)
)
**WALMART-STORES, INC.** )
)
      **Defendant.** )

## COMPLAINT AND JURY DEMAND

By this action, the Plaintiff seeks to recover of the Defendant for, inter alia: 1) Unlawful Discrimination and Constructive Discharge in Violation of the Americans with Disabilities Act; 2) Failure to Accommodate a Disability in Violation of the American with Disabilities Act; 3) Unlawful Discrimination and Constructive Discharge in Violation of the Maine Human Rights Act; 4) Failure to Accommodate a Disability in Violation of the Maine Human Rights Act; and 5) Employment Harassment in Violation of the Americans with Disabilities Act.

## PARTIES, JURISDICTION AND VENUE

1. State and Federal Courts have concurrent jurisdiction under 28 U.S.C. §1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

2. This case arises under the United States Constitution and 42 U.S.C. §1983, as amended.

3. State and Federal Courts have concurrent jurisdiction in the matter pursuant to 28 U.S.C. §§1331 and 1343.

4. This Court has jurisdiction pursuant to 5 M.R.S.A. §4621.

5. Plaintiff Kyle Berounsky is a resident of North Berwick, York County, Maine.

6. Defendant Walmart-Stores, Inc., is a multinational retail corporation that operates stores and websites under the Walmart brands. Walmart employs more than 2.2 million employees worldwide and is headquartered in Bentonville, Arkansas and is doing business in the State of Maine and the City of Sanford.

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/ or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/ or employment, and each Defendant participated in, approved and/ or ratified the unlawful acts and omission by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/ or severally.

8. This Court is an appropriate venue for this dispute pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in York County.

## **STATEMENT OF FACTS**

9. Plaintiff commenced employment with Defendant, at Store number 1954, located in Sanford, Maine, making $8.70/ hour in the receiving department.

10. Plaintiff is clinically diagnosed with Asperger's Syndrome and post-traumatic stress disorder (PTSD).

11. Plaintiff made Defendant aware of his Asperger's Syndrome disability and PTSD.

12. Plaintiff was told that he was on a trial employment period for six months, upon which time he would be offered permanent employment, if he performed his job in a satisfactory manner.

13. Plaintiff was offered a position as a permanent employee after only four months of employment with Defendant.

14. On or about November 11, 2014, Plaintiff was in the receiving area when 2 of his co-workers (Ben Packard and Cedric Murley) began continuously harassing him and assaulted him by slamming a pallet down in front of him.

15. Plaintiff immediately reported the incident to the Walmart Sanford co-manager.

16. A few days later, while in the receiving department, Plaintiff was again assaulted by his colleague, Ben Packard, when Ben ripped a box of stationary supplies out of Plaintiff's hand.

17. Plaintiff, again, immediately reported the incident to four supervisors- Larry Hammond, Clarence Tracy III and two others.

18. Plaintiff was the target of work place harassment because of his disabilities.

19. Plaintiff was temporarily separated from the two co-workers and placed in a separate area within the receiving department.

20. On or about January 1, 2015, Plaintiff was told that he could remain in the employ of Defendant if he took a pay cut and moved to the tire and lube express department ("TLE").

21. On or about January 3, 2015, Plaintiff was transferred to the tire and lube express department and his pay was reduced to $8.40/ hour.

22. Plaintiff has hereditary allergies to engine oil and he informed Defendant.

23. On or about January 3, 2015, Plaintiff made his initial request to the TLE supervisor, Larry Hammond, for safety goggles and a work uniform to protect him from his hereditary allergies to engine oil.

24. Plaintiff, thereafter, made additional requests, including in writing, for the requested safety equipment and was never accommodated.

25. On or about February 21, 2015, Plaintiff was harassed by a manager, Larry Hammond, when he was followed into the single person men's room and threatened that if Plaintiff said anything bad about anyone, he would not have a job to come back to.

26. Worried about retribution and retaliation, and because of his diagnosed medical conditions of Asperger's and PTSD, Plaintiff was fearful to report the intimidating, harassing bathroom incident with his manager.

27. On or about February 23, 2015, Plaintiff was again harassed and threatened by a collegue and supervisor, Victoria, in the tire and lube department, when she yelled and screamed at Plaintiff and berated him and demanded that he downstack and restack a pile of shelving.

28. Plaintiff was intimidated by his encounters, his supervisors, his co-workers and Defendant in general. Plaintiff was targeted and mistreated because of his medical conditions.

29. Due to Plaintiff's intimidating and uncomfortable and discriminatory work environment, on or about March 3, 2015, Plaintiff left the employ of Defendant because he could no longer tolerate the harassment and mistreatment due to his medical conditions.

30. Plaintiff filed a complaint with the Maine Human Rights Commission on July 9, 2015.

31. Before commencing this action, Plaintiff timely filed complaints with the Maine Human Rights Commission and the EEOC.

32. On September 22, 2016, Plaintiff was issued a Right to Sue letter by the Maine Human Rights Commission.

33. Plaintiff has suffered injuries and indignities, including economic damages and loss as the result of Defendant's actions Defendant is liable to Plaintiff in an amount to be determined for, inter alia, Unlawful Discrimination and Constructive Discharge in Violation of the Americans with Disabilities Act; Failure to Accommodate a Disability in Violation of the American with Disabilities Act; Unlawful Discrimination and Constructive Discharge in Violation of the Maine Human Rights Act; Failure to Accommodate a Disability in Violation of the Maine Human Rights Act; and Employment Harassment in Violation of the Americans with Disabilities Act.

## COUNT I — UNLAWFUL DISCRIMINATION AND CONSTRUCTIVE DISCHARGE ON THE BASIS OF DISABILITY IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

34. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1–33, as if set forth fully herein.

35. Defendants' conduct as herein alleged violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq, which makes unlawful discrimination against employees on the basis of a disability.

36. Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act when it effectively demoted, penalized, denied a reasonable accommodation and thus constructively discharged Plaintiff because he has Asperger's Syndrome, PTSD and hereditary allergies to engine oils.

37. As a proximate result of Defendant's discriminatory actions, Plaintiff has losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

38. Defendant's unlawful actions were intentional, willful, malicious and/ or done with reckless disregard for Plaintiff's rights.

39. By virtue of the foregoing, Defendant is liable to Plaintiff for discrimination and constructive discharge in violation of the Americans with Disabilities Act in an amount to be determined together with interest and costs.

## COUNT II- UNLAWFUL FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

40. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1–39, as if set forth fully herein.

41. Defendant's conduct, as herein alleged, violated 42 U.S.C. §12101 et. seq., which requires an employer to "accommodate" a disability.

42. Defendant acted in violation of the Americans with Disabilities Act when, rather than initiating steps toward accommodating a disability, Defendant demoted, reduced pay, refused a reasonable accommodation and constructively discharged Plaintiff because he has Asperger's Syndrome, PTSD and hereditary allergies to engine oils.

43. Accommodating Plaintiff's disability would not have caused Defendant any undue hardship.

44. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

45. Defendant's unlawful actions were intentional, willful, malicious and/ or done with reckless disregard for Plaintiff's rights.

46. By virtue of the foregoing, Defendant is liable to Plaintiff for failure to accommodate disability in violation of the Americans with Disabilities Act in an amount to be determined together with interest and costs.

## COUNT III- UNLAWFUL DISCRIMINATION AND CONSTRUCTIVE DISCHARGE TO ACCOMMODATE DISABILITY IN VIOLATION OF MAINE HUMAN RIGHTS ACT

47. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1–46, as if set forth fully herein.

48. Defendant's conduct herein alleged violated Maine's Human Rights Act, which makes it an unlawful employment practice for an employer to discharge or discriminate against an

employee in the terms, conditions and privileges of employment because of his disability. 5 M.R.S.A. § 4572.

49. Defendant discriminated against Plaintiff in violation of Maine Human Rights Act when Defendant demoted, reduced pay, refused a reasonable accommodation and constructively discharged Plaintiff because he has Asperger's Syndrome, PTSD and hereditary allergies to engine oils.

50. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

51. Defendant's unlawful actions were intentional, willful, malicious and/ or done with reckless disregard for Plaintiff's rights.

52. By virtue of the foregoing, Defendant is liable to Plaintiff for unlawful discrimination and constructive discharge in violation of the Maine Human Rights Act in an amount to be determined together with interest and costs.

## COUNT IV- UNLAWFUL FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF MAINE HUMAN RIGHTS ACT

53. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1–52, as if set forth fully herein.

54. Defendant's conduct herein alleged violated Maine's Human Rights Act, which makes it an unlawful employment practice for an employer to discharge or discriminate against an

employee in the terms, conditions and privileges of employment because of his disability. 5 M.R.S.A. § 4572

55. Defendant violated the Maine Human Rights Act when, rather than initiating steps towards accommodating his disability, Defendant demoted Plaintiff, reduced his pay, denied him a reasonable accommodation and constructively discharged Plaintiff because he has Asperger's Syndrome, PTSD and hereditary allergies to engine oils.

56. Accommodating Plaintiff's disability would not have caused Defendants any undue hardship.

57. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

58. Defendant's unlawful actions were intentional, willful, malicious and/ or done with reckless disregard for Plaintiff's rights.

59. By virtue of the foregoing, Defendant is liable to Plaintiff for failure to accommodate a disability in violation of the Maine Human Rights Act, in an amount to be determined together with interest and costs.

## COUNT V- EMPLOYMENT HARASSMENT IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

60. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1–59, as if set forth fully herein.

61. In violation of the Americans with Disabilities Act, Plaintiff was harassed by his supervisor, a supervisor in another area and co-workers.

62. The harassment became a condition of Plaintiff's continued employment.

63. The harassment Plaintiff endured was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

64. Plaintiff reported the ongoing harassment to Defendant.

65. Defendant did not take any action to cease the harassment

66. By virtue of the foregoing, Defendant is liable to Plaintiff for harassment in employment in violation of the Americans with Disabilities Act, in an amount to be determined together with interest and costs

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the American with Disabilities Act and the Maine Human Rights Act;

2. Order Defendant to pay the wages, salary, employment benefits and other compensation denied or lost to Plaintiff to date by reason of Defendant unlawful action, in amounts to be proven at trial;

3. Order Defendant to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

4. Order Defendant to pay exemplary and punitive damages;

5. Order Defendant to pay attorney's fees and costs of the action;

6. Order Defendant to ay interest at the legal rate on such damages as appropriate, including pre and post judgment interest;

7. Grant further relief that the Court deems just and proper.

**PLAINTIFF REQUEST A TRIAL BY JURY**

DATED at South Portland, Maine, November 1, 2016.

Respectfully Submitted,
Kyle Berounsky,
by his attorneys,

*[signature]*

Jeffrey Bennett, Esq., Bar #7223
Melissa Coulombe Lalumiere, Esq. Bar #9242

LEGAL-EASE, LLC
MALLSIDE PLAZA
198 Maine Mall Rd., #15
South Portland, ME 04106
T: (207) 805-0055
F: (207) 805-0099